On behalf of Dennis Geivett, we request that the court reverse the dismissal of this case that was based on the statute of limitations as it applies to a RICO case. The rule is a compound time limitation in RICO cases based upon the Clayton Act. The time limit in a civil RICO case for cause of action for any person injured in his business or property by reason of RICO violations is four years from either the injury itself or discovery of the injury. Furthermore, as established in the Rotella case, but begins to run anew upon each predicate act forming part of the same pattern. And I assume those words are in the opinion, too. You're doing the headnote. Good Missouri headnote practice, I get it. Yes, Your Honor. Those very words are in the opinion. In this case... You can say yes. You can say yes. I will go... No, I won't say those exact words are in that opinion, but there have been eight cases that have cited this since we filed our brief. That particular section, number two, comes from Clare to Zenith Radio. Exactly what this court established in the propane tank litigation. Clare... You're just saying, counsel, that this court has adopted the separate accrual rule. I'm sorry? Aren't you just saying that this court has adopted the separate accrual rule? Yes, Your Honor. Does the opposing counsel disagree with that? I guess we'll have a chance to ask him that. They did in the trial court. Do they now? They seem to agree to that now. And in this case, Clare goes back to all those cases adopting the separate accrual rule. But it's not contested, is it? It really isn't contested. All right. The trial court did not address it. The trial court did not recognize the separate accrual rule. So you're asking us to remand under the correct legal standard. Yes, Your Honor. And in connection with that remand, we'd ask that the court direct the court, the lower court, to allow us to go forward with all RICO damages within four years of the filing. That's not contested either on appeal, is it? I don't know if it's contested on appeal or not, Your Honor. The only reason I bring it up is because under Rule 11, we would then relate that back to the original filing of this case, which was October the 18th. And that is right in the beginning, our filing of the October 18th, 2013, amended petition, alleging all these things, in essence, is right there at 20. Counsel, why can't this court just apply the separate accrual rule to the record here? I think you can, in fact, apply it directly to the record here, Your Honor. And in that regard, I got certified copies of the underlying trial court action. The court will please take judicial notice. Are these in the record, counsel, or I don't recall? The minutes are not in the record, and the actual filings are not. Under Rule 5533 of the Missouri Supreme Court, when they filed their amended petition, we had 10 days within which to respond. That also applies to when they filed their second amended petition trying to revive this case. The second amended petition was filed on October the 13th, 2022, within four years of when we filed this lawsuit. Gavette had 10 days within which he had to file a response of pleading. I've got certified copies of that error, and in connection with that, Gavette filed on October the 11th a preemptive motion saying you cannot ethically file this case and satisfy Rule 5516 regarding how to file a breach of contract case. And then they filed it. They filed their second amended petition at 3 o'clock in the afternoon. 1130 that night, I filed another motion to dismiss their case for failing to state a cause of action because they did not include the Rule 5516 required pleading. And we went on from there. So in this particular case, Your Honor, we have hundreds, not hundreds, dozens and dozens of predicate acts filing via the Internet motions, actions, additional pleadings in furtherance of the underlying fraud scheme. And consequently, we have satisfied the separate accrual rule by proving repeatedly that all their additional predicate acts caused damage because as an attorney, I had to respond to all of it for Mr. Gavette. I'll save the rest of my time, please. As you may reserve, Ms. Hamilton. Thank you, Your Honor. Mr. Holverson, do you want to just leave us here? Okay. Sure, I didn't want to crowd you. Good morning, Your Honors. May it please the Court, my name is Kathleen Hamilton. I'm representing the appellees with regards to this argument today. What started as a simple condominium dispute between a condo owner and the condo association regarding disputes over assessments and fees has now spawned into 12 years of litigation, including an underlying state court action that remains pending and the federal court action that was filed and for the first time included some RICO claims against the defendants. Maybe I'm more confused than I started out. Do you concede that the district court used the incorrect legal standard? With regards to the standard that was used, the standard that was used was they said that they did not reference separate accrual within the opinion. However, it's our position that would exist, yet in this particular case. So you're arguing us to go into Judge Graza's question to make that determination under the correct rule, even though the district court did not. That's correct. Is there any rule prohibiting us from doing that? There is not, because certainly with regards to a motion to dismiss, particularly with regards to statute of limitations, this court reviews it de novo and may affirm on any grounds supportive of the record. Are there any factual determinations that need to be made in order to address the damages under the separate accrual rule? No, there would not be, and that's because the plaintiff actually pled themselves out with regards to the complaint. So if you just look to the complaint itself, you can see clearly under what was alleged and what the scheme is that's been alleged, the statute of limitations has run, and they do not have a valid claim. I understand you want us to make the decision. Is there any rule of law prohibiting us from remanding the case for an assessment under the correct legal standard? I have not seen any sort of case law that would prohibit that sign of conduct. Thank you. That's correct. The time goes very fast here, so I'd like to ask, why isn't the loss of the sale of the condominium an independent injury for purposes of the separate accrual rule? Sure, good question. So with regards to the allegation and the fraud scheme that's actually put forth in this complaint, that includes allegations that the lien has been put on the condo, that the condo's title has been colored because of such, and that there have been legal fees incurred with regards to combating that particular legal scheme. With regards to allegations that then there have been additional acts such that the condo has not been sold because of alleged misrepresentations concerning the dues and fees and assessments that are due and owing. It's our position that those are actually just continuing damages that originate back to the original injury, which is alleged under the scheme and goes back to 2014. I had a follow-up question on that.  In the Clare decision, we said that the injuries are not independent injuries because they are all of the same type, flow from the same source, and are part of one cognizable pattern of conduct. Are those factors disjunctive? Let's suppose that we found that the loss of the sale of the condo flowed naturally from the lien. Would we also have to find that it's not the same type of injury? So what is actually required in order to have the separate accrual rule it would have to be a new and independent injury that arises that would then allow there to be a new cause of action to accrue. With regards to the allegations and the actual way in which it's pled, it's our position that no, that would not be an independent and a new injury because it naturally flows from the injury of which the plaintiff was aware in 2014 and for which he has filed suit. On the one hand, you have a lien, which is sort of a cloud on the title. The damages are undetermined and theoretical, whereas the loss of the sale of the condo, the damages are knowable and measurable. So I think with regards to that, no, it would be our position that it is not a new injury, though it may be a type that is separate and apart from what they've already pled and included in their scheme. So the language of the complaint actually includes language that incorporates that type of injury, specifically with regards to allegations that the lien or the assessments that were incorrect somehow color the title and taint the title to the condo. We don't have a lot of case law on this. We do not. It's been about 30 years ago. That's right. It is fact-specific, and it is one that requires kind of digging into the complaint itself, but that's what makes this issue more clear-cut because the complaint itself is what pleads the plaintiff outside of the statute of limitations. So going back to just the normal argument, with regards to the statute of limitations, certainly the statute is four years. The cause of action accrues when the plaintiff discovers or reasonably should have discovered his injury, and per the allegations in the complaint, Mr. Givette discovered his injuries in 2014 when he was obligated to hire attorneys to combat the alleged fraud scheme. The RICO claim, again, with regards to plaintiff, refers back specifically to events in 2013 and 2014, ranges from his receipt of letters concerning the assessments, ranges to affidavits that were verified concerning assessments due, and then goes to false representations that are occurring during the course of the litigation. Again, I remind the Court that that litigation, which is designated in the record as 14SL, remains pending in St. Louis County Circuit Court. The damages that are specifically pled and alleged in the complaint include mental anguish for the last 10 years, new legal fees resulting from each statement or recordable statement, which I point out is being presented to the plaintiff per the plaintiff's request, and filings and ongoing litigation, which continues today. So obviously, with regards to reading the plaintiff's complaint, any claim that was based on RICO had to have been brought within four years of the discovery of the injury, which, again, the complaint makes clear was in 2014, making the statute of limitations final in 2018. It is our position the separate accrual rule does exist, certainly under bankers' trust, but it does not help plaintiff's case here. Again, the case law regarding separate accrual requires new and independent injuries, not merely additional predicate acts. So with regards to non-independent injuries, that would not then set a new statute of limitations. This is because the policy is such every time the plaintiff would receive or review a new document that the plaintiff himself has requested concerning statements or assessments that are due, he would essentially be restarting the clock with regards to statute of limitations, and certainly the underpinnings of RICO and the statute do not support that. Again, our position is the injury remains the same. He's combating the litigation scheme, which is something he's been doing since 2014. The amount of his legal fees may have increased, but the existence of the fees has existed since 2014 when he hired the attorney to combat the same. Again, it's our position that it would not make sense to give a plaintiff in this particular case power to restart the clock each time he requests a new recorded statement from the defendants or receives a communication regarding outstanding assessments or filings in litigation that the plaintiff himself is continuing to pursue. Just by way of note, the claim that had been presented initially by Parkside has been dismissed, and it is the plaintiff's counterclaim that is the claim that remains pending in the state court case. Courts have rejected similar attempts to restart the statute of limitations clock with continuing predicate acts. This would be representative in several of the cases that are in the briefs, including Anderson, Messitia, Grimmett, Kraft, and Waldner. In short, it's our position the new injury must be caused by an activity that is distinct and different from the pattern and the injury that was alleged in 2014, of which he knew, discovered, and has since been combating per his language with regards to the litigation. In conclusion, the district court properly dismissed the RICO claims as time barred. Mr. Givette discovered his injuries in 2014 and has failed to demonstrate any new and independent injuries that would restart the limitations period. Therefore, even under the separate accrual rule, that does not save his complaint from being time barred. This court should affirm the district court's dismissal. And if there aren't any further questions, I'll relinquish my time. Seeing no further questions, thank you for the argument. Thank you, your honors. Once again, may I please the court? It's fundamentally different to have a lawsuit fraud scheme. A lawsuit is not damage in and of itself. A malicious prosecution is not damage in and of itself. It's an attempt. Here, the lawsuit is an attempt to defraud the person and turn over the money at the end of the line. In Rotella, the abused psychiatric patient had a finite phenomenon. He had been a patient and that patient relationship ended. In Clare, he bought a defective silo. That transaction was complete. The money changed hands. A fraudulent lawsuit is extremely different. It's an attempt to inflict more damage. And that attempt includes all of these individual acts. So I'm going to file with the court as Exhibit 328, the Rule 5533. I had to respond to their second amended petition. Exhibit 327 is a certified copy of those pleadings around October the 10th and 11th, 2022. Each new pleading was a new phenomenon. You don't know what that particular lawyer is going to say or do. Their position that this is the same damage is at war with bankers and Mayfield and Aguilera and all of the cases that have considered legal fee damages as a result of fighting a fraud scheme. And consequently, all of the legal damages in this case fall within the ambit of the separate accrual rules. Every time they filed something, we had to respond. The other exhibit that we will file here is Exhibit 326 which is a certified copy of the minutes of the court below. Because that establishes each predicate act creates a separate four year time bar to respond with respect to that act. Each one of those acts created a new damage to Mr. Govette because I had to respond to all of it. We ask that this court remand this case for prosecution of the RICO case that he has properly pleaded and to stop their RICO scale. Thank you very much. Thank both counsel for their argument. Case number 24-3093 is submitted for decision by the court. And this court will stand adjourned until 9pm tomorrow morning.